Commonwealth *v.* Williams, Appellant.

Argued June 19, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Benjamin Lerner,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*David L. Creskoff,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 5, 1967:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
I respectfully dissent.

Defendant, Ronald Williams, was indicted and charged with aggravated robbery, rape and related offenses. The jury returned a verdict of guilty on all counts.

On appeal, defendant contends that the trial judge committed fundamental error by improperly instructing the jury on the Commonwealth's burden in a criminal case.

At the outset, the trial judge defined "reasonable doubt" only as ". . . something that would make a mature person pause before jumping at a conclusion. . . ." Later in his charge, he instructed the jurors that: "If you feel that [the] testimony does not substantially [establish defendant's guilt beyond a reasonable doubt], based on the credibility of the witnesses, *then you are not required to bring in a conviction.*" (Emphasis supplied).

In my view, these instructions were highly prejudicial. As our Supreme Court has often stressed, the defendant was entitled to a charge which described the doubt requiring an acquittal in the context *of a matter of importance* to the individual juror. See, e.g., *Commonwealth v. Kluska,* 333 Pa. 65, 3 A. 2d 398

(1939); *Commonwealth v. Donough*, 377 Pa. 46, 103 A. 2d 694 (1954). Furthermore, no instruction should be approved by our Court which even impliedly shifts the burden of proof in a criminal case from the Commonwealth to the defendant. To charge the jury that, under certain circumstances, they are not required to convict, suggests that the initial presumption is of the defendant's guilt, rather than his innocence.

In my opinion, the court should have followed the approved form of charge enunciated by Mr. Chief Justice BELL in *Commonwealth v. Donough*, supra at pp. 51-2, "The defendant comes before you presumed to be innocent and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict; it must be an honest doubt arising out of the evidence itself, the kind of a doubt that would restrain a reasonable man (or woman) from acting in a matter of importance to himself (or herself)."

The jury, composed of laymen, acquires its legal knowledge from the judge's instructions. Hence, it is essential that they be properly instructed in clear and concise terms. Anything less would be destructive of the jury system. Ambiguous and misleading instructions, in my view, are fundamental error requiring reversal.

I would reverse and remand for a new trial.

SPAULDING, J., joins in this dissent.